UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PATRICIA CRICHLOW, :
:
                       Plaintiff, :              19-CV-7587 (JMF)
:
     -v- :                     ORDER
:
NY STATE DIVISION OF HUMAN RIGHTS et al., :
:
                       Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On October 28, 2019, the Court ordered Defendant Blue 449, Inc. to show cause by November 11, 2019, why it had failed to answer or otherwise respond to the Complaint. *See* ECF No. 10. The Order to Show Cause was mailed by the Clerk of Court to the address at which Defendant was served with the Summons and Complaint. Defendant failed to show cause by the deadline, and on November 14, 2019, the Court issued an Order scheduling default judgment briefing and a show cause hearing. *See* ECF No. 11. Before Plaintiff filed a motion for default judgment, Defendant entered its appearance and now requests an extension of the time to answer or respond. *See* ECF Nos. 12-14.

      The Court may extend a party's time to answer "after the time has expired" upon a showing of "good cause" and that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The Second Circuit has stated that 'excusable neglect' is a 'somewhat elastic concept' that may include . . . 'delays caused by inadvertence, mistake, or carelessness' where 'the delay was not long, there is no prejudice to the opposing party, and the belated party's excuse has some merit.'" *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, No. 11-CV-3983 (SJ) (MDG), 2012 WL 28291, at *2 (E.D.N.Y. Jan. 5, 2012) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)) (alterations omitted).

      Applying these standards, the Court concludes that Defendant's time to answer or respond should be extended. Defendant's response indicates that Defendant's delay was due to "inadvertence, mistake, or carelessness," including as a result of issues with service of the Court's prior Orders. The delay was relatively minor and has not prejudiced Plaintiff, especially in light of the related and ongoing litigation that raises similar issues and arguments. Moreover, the Second Circuit has expressed a "clear preference for adjudication on the merits" in the "absence of prejudice to plaintiff." *See Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 368 (E.D.N.Y. Mar. 27, 2012) (quoting *Miller v. Apfel*, 210 F.3d 355, at *1 (2d Cir. 2000) (summary order)). Thus, the Court concludes that good cause exists and that the extension should be granted.

Accordingly, the Court's prior Order to Show Cause at ECF No. 10 is vacated, and the hearing scheduled for January 16, 2020, is CANCELLED. Defendant's deadline to answer, move to dismiss, or otherwise respond to the Complaint is EXTENDED to **December 13, 2019**.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: December 2, 2019
       New York, New York

JESSE M. FURMAN
United States District Judge